UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Docket No. 3:06CR19(EBB) |
| WILLIE WRIGHT | : | |

RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Willie Wright ("Wright"), moves pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat 2372 (2010) ("FSA") and Amendment 750 ("Amendment 750") to the United States Sentencing Guidelines. Amendment 750, which became effective November 1, 2011, made, *inter alia*, retroactive changes to the sentencing guideline's drug quantity tables for crack cocaine offenses to account for the FSA's substantial increase in the threshold quantities of crack cocaine required to trigger the mandatory minimum penalties set forth in 21 U.S.C. § 841(b).

Because Congress did not make the provisions of the FSA retroactive and Amendment 750 has no effect on the statutory mandatory minimum penalties, Wright's motion [doc. #244] is DENIED.[1]

DISCUSSION

On August 23, 2006, Wright pleaded guilty to one count of an indictment charging him with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine

---

[1] Previously, in 2008, Wright filed a § 3582(c) motion for sentence reduction based on Amendment 706 to the U.S. Sentencing Guidelines, which retroactively lowered the base offense levels applicable to crack cocaine offenses. The Court found him ineligible because he had received the statutory 120-month mandatory minimum sentence and the guideline amendment had no effect on the statutory minimum penalties.

base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  In connection with his guilty plea, Wright entered into a written plea agreement in which he acknowledged that he had prior felony drug convictions which, if noticed by the government, would subject him to a statutory mandatory minimum sentence of 240 months.  The agreement provided, however, that the government would not file that notice in exchange for Wright's prompt entry of a guilty plea.  Further, the parties acknowledged in the plea agreement that Wright was subject to the statutory mandatory minimum sentence of 120 months; stipulated that the quantity of cocaine base attributed to Wright was between 50 and 150 grams; and stated that Wright would have a criminal history category of III.  Wright's presentence report calculated his total offense level to be 29 which, with his criminal history category III, resulted in a recommended guideline imprisonment range of 108 to 135 months.  At Wright's sentencing hearing on December 14, 2006, the Court adopted the findings and guideline calculations set forth in his presentence report.  However, under U.S.S.G. 5G1.1(c)(2) and 21 U.S.C. § 841(b)(1)(A), he could not receive a  guideline sentence that was less than the statutorily required minimum sentence.  Accordingly, the Court sentenced Wright to the 120-month mandatory minimum sentence that was in effect at that time.  Thus, because Wright's sentence was based on the statutory mandatory minimum and not on a guideline sentencing range that has subsequently been lowered by a retroactive amendment to the sentencing guidelines, he is not eligible for a sentence reduction under § 3582(c).  U.S.S.G. § 1B1.10, application note 1(a)(A).

     Eligibility for a sentence reduction under § 3582(c)(2) is triggered only by a guideline amendment that lowers the applicable guideline ranges for crack cocaine offenses.  Id.  When a defendant is sentenced to a mandatory minimum term of imprisonment, his sentence is not based

on a sentencing range that has been subsequently lowered by the Sentencing Commission. In such a case, Amendment 750 would not have the effect of lowering a defendant's applicable guideline range because of the applicability of the statutory minimum. United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) (denying motion for sentence modification where sentence was based on a mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)); see also United States v. Torres, 391 F. Appx 903, 905 (2d Cir. 2010) (denying motion under § 3582(c) where defendant had been sentenced to a mandatory minimum, notwithstanding a retroactive amendment to the sentencing guidelines for crack cocaine offenses). Even if Amendment 750 had the effect of lowering a defendant's base offense level, a district court does not have the authority to reduce a sentence to a term that is less than the applicable statutory mandatory minimum that applied at the time the defendant was originally sentenced. U.S.S.G. § 1B1.10(b)(2)(A).

The FSA, which substantially increased the amounts of crack cocaine required to trigger the five and ten-year statutory mandatory minimum penalties, only gave the United States Sentencing Commission authority to amend the guidelines to implement the FSA's changes to the mandatory minimum penalties. Pursuant to that authority, the Sentencing Commission promulgated Amendment 750, which amended the drug quantity tables in U.S.S.G. § 2D1.1 to substantially reduce the sentences recommended by the guidelines for crack cocaine offenses. On June 30, 2011, the Commission voted to make those guideline changes retroactive as of November 1, 2011. But Amendment 750 only affects the guideline changes that implement the FSA's statutory changes. The Amendment has no effect whatsoever on the retroactivity of the FSA's changes to the mandatory minimum penalties. Only Congress can make those changes

retroactive and Congress has not done so.  United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010) (per curium) (holding that the FSA's changes to the mandatory minimum penalties are not retroactive); United States v. Glover, 398 F. Appx 677, 680 (2d Cir. 2010) (holding that the mandatory minimum in effect at the time of the crime applies despite the FSA's changes to the mandatory minimum penalties because the FSA does not apply retroactively).

Put another way, Amendment 750 only makes changes to the guideline's drug quantity tables in § 2D1.1 which are used to calculate a defendant's recommended sentencing range. Amendment 750 has no effect at all on the FSA's non-retroactive changes to the quantities of crack cocaine required to trigger the statutory mandatory minimum penalties.  The retroactive application of Amendment 750 does not give retroactive effect to the FSA itself, including its changes to the statutory mandatory minimums.  United States v. Midyett, No. 10-2478-cr,  2011 WL 5903672  (2d Cir. Nov. 28, 2011).

Thus, Amendment 750 cannot benefit a defendant such as Wright, who received the mandatory minimum term of imprisonment that applied to him at the time he was originally sentenced.  Id. n.2.  Regardless of whether Wright's sentencing range would be lower by virtue of Amendment 750, his mandatory minimum 120-month sentence does not change and is still his guideline sentence.  See United States v. Williams, 551 F.3d 182, 185 (2d Cir.2009) (citing U.S.S.G. § 5G1.1(b)).  Because of the operation of the statutory mandatory minimum penalty that was in effect in 2006, Amendment 750 does not have the effect of lowering Wright's applicable guideline range and he is not eligible for the relief he seeks pursuant to § 3582(c).  See U.S.S.G. § 1B1.10, application note 1(a)(A).

## CONCLUSION

For the foregoing reasons, Wright's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) [doc. #244] is DENIED.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this <u>6th</u> day of January, 2012 at New Haven, Connecticut.